## BIRCK et al. v. FIEDLER.

### No. 8513.

Court of Civil Appeals of Texas. San Antonio.

Dec. 10, 1930.

H. H. Sagebiel, of Fredericksburg, for appellants.

Alfred P. C. Petsch, of Fredericksburg, and N. T. Stubbs, of Johnson City, for appellee.

SMITH, J.

August A. Fiedler brought this action against Emil Birck and Tommy Birck to recover upon two promissory notes representing part of the purchase price of 940 acres of land in Blanco county, and to foreclose the vendor's lien upon said land to secure said notes.

The Bircks contested the suit by alleging that there was a shortage of 180 acres received by them in the transaction, and praying that the notes sued on be credited in accordance with such shortage. After sustaining certain exceptions against the Bircks' answer, the trial court heard the cause without a jury, and rendered judgment in favor of Fiedler as prayed for. The Bircks have appealed.

It appears that appellants failed to amend their answer after the special exceptions to it were sustained, and acquiesced, while declining to participate, in the ensuing trial. The record is here without any findings or statement of facts, and the only question for decision here is that of whether the rulings upon appellee's exceptions constitute material error.

Appellants assert that the exceptions sustained against their petition were general and not special in their nature, and complain because they were treated below as special exceptions rather than as general demurrers. We do not understand that this distinction, if correctly drawn by appellants, could affect the merits of the court's ruling upon those exceptions. Be that as it may, however, we are of the opinion that the exceptions are in fact special in their nature. They point out specific allegations upon the one hand, or omissions of essential allegations upon the other, and charge that the one shows no cause of action, and the other shows the pleading to be lacking in specific essentials.

It was alleged in appellants' answer to appellee's petition that, in consideration of the notes herein sued upon, appellee agreed to sell and cause to be conveyed to appellants a certain body of land consisting of 940 acres; that in pursuance of such agreement appellee caused the legal owner of said land to convey the same to appellants by deed in which the property so conveyed was described minutely by metes and bounds, and by a fence line forming the entire outer boundaries thereof. In other words, it affirmatively appears from appellants' pleading that appellee caused to be conveyed to appellants the precise land, and all of it, that appellee was obligated to have so conveyed.

It is true that appellants alleged, further, that a survey of 180 acres called for in said deed was not in fact embraced within, but lay without, the field notes set up in said deed. But the fact remains apparent from appellants' pleading that the field notes set out in said deed embrace 940 acres, which constitute in amount the whole of the acreage appellants claim they were entitled to receive in the transaction. It is not claimed by appellants that appellee was obligated to convey the specific 180 acres claimed by appellants to lie outside the acreage described in the conveyance. On the other hand, it is in effect conceded by appellants that the very land contemplated by the parties, and all of it, was actually included in the conveyance. It all lay in a solid body, segregated by a line fence, and was correctly described by metes and bounds in the deed of conveyance.

So is it contended by appellants in their pleading that while, or if, the land actually

included in the conveyance aggregates all of 940 acres contracted for, yet it is made up in part of the lands of others, and is improperly embraced in the field notes of the deed. But it does not appear with sufficient certainty in said pleading that appellants have been ejected from any part of the premises conveyed, or are not enjoying peaceable possession of the entire acreage conveyed to them.

In short, and finally, it appears from appellants' pleading that appellee caused to be conveyed to them the precise land, and all of it, contemplated by the parties, and that therefore there is no such shortage of acreage as warranted a suit, such as this is, to recover the value of such shortage. If appellants' pleading tends to show them to have been wronged by appellee, it points towards, but by no means effectually pleads, a failure of title, whereas, the suit here is for damages for an alleged shortage of acreage. Appellants' own pleadings refute such a claim.

We conclude that no injury was done appellants by the rulings of the trial court upon appellee's exceptions to appellants' answer, and the judgment is affirmed.